UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-80156-CV-ROSENBERG
MAGISTRATE JUDGE REID

REGINALD VILSAINT,

Petitioner,

v.

MARK S. INCH,
Florida Department of Corrections.

Respondent.
_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

This cause is before the Court upon what has been liberally construed as Petitioner's *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. (DE#1). On March 5, 2019, Petitioner was ordered to file an amended version of his habeas corpus petition by March 22, 2019. (DE#5). To date, an amended petition has not been filed.

This case has been referred to the Undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b), Fed. R. Civ. P. 72(b), S.D. Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2019-2.

For the following reasons, this action should be dismissed for failure to comply with court orders or for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

### *Discussion*

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F. 3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). *Id.*

In the Order to Amend, Petitioner was warned that his failure to comply with court orders could result in dismissal of this action. (DE#5 at 6). Petitioner was notified that, pursuant to Fed. R. Civ. P. 41(b), his habeas petition could be dismissed for failure to respond to a court order to file an amended petition. (DE#5 at 4-5).

On March 14, 2019, the Petitioner sought the appointment of counsel. (DE#6). The request was denied, indicating that the Petitioner should continue to proceed *pro se* in this matter. (DE#7). Viewed together, Petitioner had sufficient notice that not filing an amended complaint provides this Court with grounds for dismissal pursuant to Fed. R. Civ. P. 41(b). Importantly, there is no notice of undeliverable mail on the docket.

Under the circumstances, pursuant to Rule 41(b), this case should be dismissed due to Petitioner's failure to comply with this Court's orders or for want of prosecution. *See also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

### *Conclusion*

Based on the foregoing, this action should be **DISMISSED WITHOUT PREJUDICE** for want of prosecution or for failure to comply with Court orders. *See* Fed. R. Evid. 41(b).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 10th day of May, 2019

_____
UNITED STATES MAGISTRATE JUDGE

cc:

Reginald Vilsaint
0448661
Palm Beach County Jail
Inmate Mail/Parcels
Post Office Box 24716
West Palm Beach, FL 33416
PRO SE

Noticing 2254 SAG Miami-Dade/Monroe
Email: CrimAppMIA@MyFloridaLegal.com

4