**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-80156-CIV-ALTMAN**

**REGINALD VILSAINT**,

    Plaintiff,
v.

**STATE OF FLORIDA**,

    Defendant.

_____/

**ORDER**

**THIS CAUSE** came before the Court on the Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1], filed by the Petitioner, Reginald Vilsaint, on February 2, 2019. On May 10, 2019, United States Magistrate Judge Lisette M. Reid, in her Report and Recommendations (the "Report") [ECF No. 9], recommended that the Petition be dismissed for want of prosecution and for failure to comply with court orders.

The Petitioner originally filed his Petition on February 2, 2019. *See* Petition. On March 5, 2019, Magistrate Judge Reid *sua sponte* ordered the Petitioner to file an amended petition by March 22, 2019. *See* March 5, 2019 Order [ECF No. 15]. In that Order, Magistrate Judge Reid also warned the Petitioner that failure to comply "may result in dismissal of this action." *See id.* at 6. March 22 came and passed, and the Petitioner failed to file an amended petition. On May 10, 2019, more than two months after Magistrate Judge Reid ordered the Petitioner to amend his Petition, Judge Reid recommended that the Petition be dismissed for failure to prosecute and for failure to comply with court orders. *See generally* Report. In that Report, the Petitioner was warned that failure to object to her findings would bar *de novo* review. *See id.* at 3. On May 14, 2019, the Court took it upon itself to warn the Petitioner—a third time—that he must comply

with Court orders and that failure to object to the Report within fourteen days would "bar the litigants from a *de novo* review of Magistrate Judge Reid's findings." *See* May 14, 2019 Order [ECF No. 10] at 2. That fourteen-day period passed without any objection from the Petitioner.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require a *de novo* review only where objections have been properly filed—and not where, as here, neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the Report, the Petition, the record, and the applicable law and finds that no clear error appears on the face of the Report. The Court notes that, since he filed the Petition, the Petitioner has failed to appear in any way. And the Court has received no notice of undeliverable mail. What is more, the Petitioner was warned three separate times that, if he failed to comply with the Court's orders, his Petition would be dismissed—three warnings he has unmistakably ignored. The Court therefore agrees with Magistrate Judge Reid's Report that the Petition should be dismissed. Accordingly, this Court hereby

**ORDERS AND ADJUDGES** that the Report and Recommendation **[ECF No. 9]** is **ACCEPTED and ADOPTED** as follows:

1. The Petition **[ECF No. 1]** is **DISMISSED without prejudice**.

2. The Clerk of Court is directed to **CLOSE** this case, and any pending motions are **DENIED as moot.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of May, 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Magistrate Judge Lisette M. Reid.
counsel of record